10-2395-ag
Wang v. Holder

BIA
Bukszpan, IJ
A097 847 390

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand eleven.

PRESENT:
        RALPH K.WINTER,
        ROGER J. MINER,
        ROBERT A. KATZMANN,
            *Circuit Judges.*

_____

Guoqiang Wang,
        *Petitioner,*

        v.                                          10-2395-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Joe Zhenghong Zhou, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Guoqiang Wang, a native and citizen of the People's Republic of China, seeks review of a May 21, 2010, order of the BIA affirming the September 16, 2008, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, pretermitting his asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Guoqiang Wang*, No. A097 847 390 (B.I.A. May 21, 2010), *aff'g* No. A097 847 390 (Immig. Ct. N.Y. City Sept. 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We are without jurisdiction to consider Wang's

2

challenge to the IJ's factual determination that he did not demonstrate changed circumstances materially affecting his eligibility for asylum. *See* 8 U.S.C. 1158(a)(3); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We review only Wang's challenge to the agency's denial of his application for withholding of removal.

The agency properly held that Wang was not eligible, as a matter of law, for withholding of removal based on his wife being forced to wear an intrauterine device. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007); *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir. 2007). The BIA also reasonably concluded that even assuming Wang demonstrated "other resistance," he failed to demonstrate past persecution or a well-founded fear of future persecution on account of that resistance. *See* 8 U.S.C. § 1101(a)(42). Although Wang claimed that he suffered past persecution, he did not allege that he was physically harmed or mistreated by family planning officials. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340-41 (2d Cir. 2006). The BIA reasonably found that Wang did not suffer past persecution based on his claim that he was forced into hiding because it is unclear from

3

the record that the Chinese government knew that Wang went into hiding or that it was necessary that he do so. *See id.* at 341 (holding that the difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis"). Moreover, Wang failed to demonstrate past persecution because, although he was fined a total of 8,000 RMB, he did not demonstrate that his payment of the fine constituted a substantial economic disadvantage. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 69-70 (2d Cir. 2002)*; see also In re T-2-*, 24 I. & N. Dec. 163, 171- 75 (BIA 2007).

   In the absence of any record evidence to support his claim that his fear was objectively reasonable, the BIA also did not err in finding that Wang failed to demonstrate a reasonable possibility of future persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (*per curiam*). It was not improper for the agency to consider Wang's fear to be diminished because he testified that his wife, who he alleged also had been threatened with forced sterilization based on the birth of their three children, continued to live in China without incurring any harassment or mistreatment. *See Melgar de Torres v. Reno*, 191 F.3d 307,

313 (2d Cir. 1999).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk